**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Riki Rashaad Muhammad, | ) | No. CV-11-1890-PHX-SMM (LOA) |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Arizona Department of Corrections, et al.,| ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

This matter arises on Plaintiff's second Motion to Produce Copies and Waive or Defer Costs. (Doc. 27)  Plaintiff filed a nearly identical request on July 30, 2012, doc. 24, which the Court denied on August 7, 2012, doc. 26. Plaintiff states that he was granted *in forma pauperis*, but that the Arizona Department of Corrections did not allow him "indigent" status, and therefore, he must pay for all copies and postage. He again requests that all "necessary" copies be produced. (Doc. 27 at 1)  And again, he does not specify which documents he wishes to receive.  As stated in the Court's August 7, 2012 Order, it is the Court's practice, and the docket reflects this, that copies of filed documents are being sent to Plaintiff.

Title 28 U.S.C. § 1915 (2006) permits a court to allow a plaintiff to file a complaint without payment of fees or security, under specific circumstances. Section 1915(a)(1) states that:

> Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or

criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1).

Plaintiff's *in forma pauperis* status does not exempt him from paying for all court costs and litigation expenses. If granted *in forma pauperis* status, 28 U.S.C. § 1915 permits the waiver of prepayment of filing and service of process fees and costs for *in forma pauperis* litigants. *See* 28 U.S.C. § 1915(a), (d); Fed.R.Civ.P. 4(c)(3); *Stewart v. De Paul*, 2012 WL 1610075, at *1-2 (S.D. Cal. May 8, 2012) (citing *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999)). Aside from the specific costs waived pursuant to § 1915(a) and (d), no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant. *See Valdez v. Linder*, 2008 WL 5435896, at *10 (D. Mont. April 25, 2008) (denying motion for copies because "[t]here is no provision in the statute for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant.") (quoting *Tabron v. Grace*, 6 F.3d 147, 159 (3rd Cir. 1993)); *see also Moss v. ITT Continental Baking Co.*, 83 F.R.D. 624, 625 (E.D. Va. 1979); *Haymes v. Smith*, 73 F.R.D. 572, 574 (W.D.N.Y. 1976). For example, section 1915 does not authorize the expenditure of public funds for expert witness or subpoena fees. *See, e.g., Tuvalu v. Woodford*, 2006 WL 3201096, at *5 (E.D. Cal. November 2, 2006) (citing *Boring v. Kozakiewicz*, 833 F.2d 468, 474 (3d Cir. 1987) (no provision to pay fees for expert witnesses); *Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989) ("We join the Third, Sixth, Seventh, and Eighth Circuits in finding [that] . . . section 1915[]" "does not permit a waiver of the witness fees to be tendered with the subpoena.") (citations omitted).

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Produce Copies and Waive or Defer

Costs, doc. 27, is **DENIED.**

DATED this 5th day of September, 2012.

Lawrence O. Anderson
United States Magistrate Judge