WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Riki Rashaad Muhammad, | No. CV 11-1890-PHX-SMM (LOA) |
| Plaintiff, | |
| vs. | **O R D E R** |
| Arizona Department of Corrections, et al., | |
| Defendants. | |

Before the Court is Defendant Barbara Ams' Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) (Doc. 67); Plaintiff Riki Rashaad Muhammad opposes (Doc. 72).

The Court will deny Ams' motion.

**I.    Background**

Muhammad initiated this civil rights action under 42 U.S.C. § 1983 in September 2011 (Doc. 1). In July 2012, he filed his Second Amended Complaint, in which he set forth various constitutional claims against Arizona Department of Corrections (ADC) officials (Doc. 25). In Count VII of his Second Amended Complaint, Muhammad alleged that Ams knew of and disregarded an excessive risk to his safety thereby exposing him to a substantial risk of harm in violation of the Eighth Amendment (*id.* at 29-30). According to Muhammad, Ams provided another inmate a page from

1  Muhammad's pre-sentence report that contained confidential information about his
2  involvement in the death of a child (*id.*).

3  Ams now moves for judgment on the pleadings under Rule 12(c) on the ground
4  that Muhammad failed to exhaust administrative remedies as required under the Prison
5  Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a) (Doc. 67).

**II.     Governing Standard**

Prisoners are required to exhaust "available" administrative remedies before bringing any action under § 1983 or other federal law.  *See* 42 U.S.C. § 1997e(a); *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006); *Brown v. Valoff*, 422 F.3d 926, 934-35 (9th Cir. 2005).  Exhaustion of administrative remedies is an affirmative defense that, in most cases, must be raised by summary judgment.  *Jones v. Bock*, 549 U.S. 199, 204, 216 (2007); *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014), overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003).  The Ninth Circuit has held that "in those rare cases where a failure to exhaust is clear from the face of the complaint, a defendant may successfully move to dismiss under Rule 12(b)(6) for failure to state a claim."  *Albino*, 747 F.3d at 1169.

Thus, Rule 12(b)(6), not Rule 12(c), is the proper vehicle for Ams' motion.  But the Court evaluates a Rule 12(c) motion for judgment on the pleadings under the same standard as a Rule 12(b)(6) motion to dismiss.  *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  All factual allegations set forth in the complaint are taken as true and construed in the light most favorable to the plaintiff.  *Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001) (citation omitted).  A complaint may be dismissed for failure to state a claim only "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Silvia v. Di Vittorio*, 658 F.3d

1090, 1101 (9th Cir. 2011). Where the plaintiff is a pro se prisoner, the court must "construe the pleadings liberally and [] afford the petitioner the benefit of any doubt." *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010).

## III. Discussion

In her motion, Ams erroneously states that Mohammad's First Amended Complaint is the operative complaint (Doc. 67 at 1, citing Doc. 9). Ams cites Muhammad's statement in his First Amended Complaint that "[a]dministrative remedies not sought due to fear of retaliation" (*id.* at 2, citing Doc. 9 at 18). She also cites statements within Muhammad's original Complaint explaining why he feared retaliation for using the grievance system (*id.*, citing Doc. 1 at 11). Relying on these statements, Ams argues that Muhammad's claimed fear of retaliation is "meritless on its face" because the ADC provides a grievance procedure and that, since the PLRA mandates exhaustion of administrative remedies, Muhammad's concession that he did not exhaust warrants dismissal of the claim against her (*id.* at 3-4).

The operative complaint is the Second Amended Complaint (Doc. 25). The original Complaint and First Amended Complaint are treated as nonexistent, and the Court will not consider allegations set forth in those pleadings. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Because Ams does not cite to the proper pleading, her motions fails.

Nonetheless, because Muhammad states in his Second Amended Complaint that he did not seek administrative remedies for his claim against Ams due to fear of retaliation, the Court will address Ams' argument (Doc. 25 at 30).

As noted, the PLRA exhaustion provision requires proper exhaustion of only "available" administrative remedies. *Sapp v. Kimbrell*, 623 F.3d 813, 822 (9th Cir. 2010). Exhaustion is not required when circumstances render administrative remedies otherwise "effectively unavailable." *Id.* (quoting *Nunez v. Duncan*, 591 F.3d 1217, 1226 (9th Cir. 2010). The Ninth Circuit has cited favorably to cases holding that threats or retaliation can render administrative remedies effectively unavailable and excuse the

PLRA exhaustion requirement. *See Sapp*, 623 F.3d at 823 (citing *Turner v. Burnside*, 541 F.3d 1077, 1085 (11th Cir. 2008), *Macias v. Zenk*, 495 F.3d 37, 45 (2d Cir. 2007), and *Kaba v. Stepp*, 458 F.3d 678, 685-86 (7th Cir. 2006)); *see also Nunez*, 591 F.3d at 1224.

Because fear of retaliation has been recognized as a ground for finding administrative remedies unavailable, Muhammad's claim that he feared retaliation is not meritless on its face. Further, when construing Muhammad's allegation in his favor and affording him the benefit of any doubt, the fear of retaliation he experienced could have deterred a reasonable inmate from lodging a grievance; in which case, it might constitute an exception to the exhaustion requirement. *See Walker v. Cal. Dep't of Corr.*, No. 2:09-cv-0569 WBS KJN, 2014 WL 268525, at *8 (E.D.Cal. Jan. 22, 2014) (finding that threats of retaliation chilled the plaintiff's ability to pursue a grievance and rendered administrative remedies unavailable; "the perceived threat by [defendant prison officials] was 'one that would deter a reasonable inmate of ordinary firmness and fortitude from lodging a [new] grievance . . . .'") (citing *Turner*, 541 F.3d at 1085).

Under the Rule 12(b)(6) standard, the Court does not consider the additional factual allegations in Mohammad's response, nor does it consider the unsupported assertions in Ams' reply. *See Van Buskirk v. Cable News Network*, 284 F.3d 977, 980 (9th Cir. 2002) (generally, a court may look only at the face of the complaint when deciding a motion to dismiss); *see also United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003) (on Rule 12(b)(6) motion, court may consider documents attached to pleadings, documents incorporated by reference into a complaint, or matters of judicial notice without converting the motion into one for summary judgment). When considering only the statements in Muhammad's Second Amended Complaint, the Court cannot conclude that he failed to exhaust because it is possible that administrative remedies were rendered unavailable. Consequently, this is not one of "those rare cases" where the failure to exhaust is clear from the face of the complaint, and Ams' motion will be denied. *Albino*, 747 F.3d at 1169.

1     **IT IS ORDERED that** the reference to the Magistrate Judge is **withdrawn** as to Defendant Ams' Motion for Judgment on the Pleadings (Doc. 67), construed as a Rule 12(b)(6) Motion to Dismiss, and the Motion is **denied**.

    DATED this 31st day of July, 2014.

*[signature]*

Stephen M. McNamee
Senior United States District Judge