WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Riki Rashaad Muhammad,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>Arizona Department of Corrections, et al.,<br><br>　　　　Defendants. | No.  CV 11-1890-PHX-SMM (LOA)<br><br><br>**O R D E R** |

Plaintiff Riki Rashaad Muhammad brought this pro se civil rights Complaint under 42 U.S.C. § 1983 against Correctional Officer III Barbara Ams, a counselor with the Arizona Department of Corrections (ADC) (Doc. 25 at 2, 29).  In his Second Amended Complaint, Muhammad set forth a threat-to-safety claim under the Eighth Amendment (*id.* at 29-30).[1]  Before the Court is Ams's Motion for Summary Judgment (Doc. 90).

The Court will deny the motion without prejudice.

**I.  Background**

In his Second Amended Complaint, Muhammad alleged that Ams knew of, and disregarded, an excessive risk to his safety, thereby exposing him to a substantial risk of harm in violation of the Eighth Amendment (Doc. 25 at 29-30).  Muhammad claimed that Ams provided another inmate a page from a pre-sentence report in Muhammad's criminal

---

[1] All other claims and Defendants have been dismissed (Doc. 76).

case that contained confidential information about his involvement in the death of a two-year old child (*id.*).

Ams moves for summary judgment on the grounds that Muhammad did not suffer physical injury and he failed to exhaust administrative remedies as required under the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a) (Doc. 90).[2]

## II.     Summary Judgment Standard

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The movant bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323.

If the movant fails to carry its initial burden of production, the nonmovant need not produce anything. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Co., Inc.*, 210 F.3d 1099, 1102-03 (9th Cir. 2000). But if the movant meets its initial responsibility, the burden then shifts to the nonmovant to demonstrate the existence of a factual dispute and that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 250 (1986); *see Triton Energy Corp. v. Square D. Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). The nonmovant need not establish a material issue of fact conclusively in its favor, *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968); however, it must "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal citation omitted); *see* Fed. R. Civ. P. 56(c)(1).

---

[2] The Court issued an Order with the Notice required under *Rand v. Rowland*, 154 F.3d 952, 962 (9th Cir. 1998) (en banc), which informed Muhammad of his obligation to respond to the motion and the requirements under Federal Rule of Civil Procedure 56 (Doc. 94).

At summary judgment, the judge's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. In its analysis, the court must believe the nonmovant's evidence, and draw all inferences in the nonmovant's favor. *Id.* at 255. The court need consider only the cited materials, but it may consider any other materials in the record. Fed. R. Civ. P. 56(c)(3).

### III. Physical Injury

Ams argues that Muhammad's claim is barred by the PLRA's requirement that a prisoner make "a prior showing of physical injury" (Doc. 90 at 4). Section 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). In *Oliver v. Keller*, the Ninth Circuit specified that "§ 1997e(e) applies only to claims for mental and emotional injury." 289 F.3d 623, 629 (9th Cir. 2002). The appellate court therefore concluded that where an inmate has actionable claims for compensatory, nominal or punitive damages premised on constitutional violations and not on any alleged mental or emotional injuries, the claims are not barred by § 1997e(e). *Id.* at 630.

Muhammad does not seek recovery for "mental or emotional injury"; rather, he seeks damages for an alleged violation of his Eighth Amendment rights (Doc. 25 at 29, 31). Accordingly, his claim against Ams is not barred by § 1997e(e). *See Greening v. Miller-Stout*, 739 F.3d 1235, 1238 (9th Cir. 2014) (rejecting argument that the plaintiff's claim was barred by § 1997e(e)'s "physical injury" requirement and finding that because he did not seek recovery for mental and emotional injury but instead sought declaratory judgment and injunctive relief for alleged Eighth and Fourteenth Amendment violations, the claim was not barred).

Ams's request for summary judgment on this ground will be denied.

//

//

**IV.   Exhaustion**

    **A.   Legal Standard**

Under the PLRA, a prisoner must exhaust "available" administrative remedies before filing an action in federal court. *See* 42 U.S.C. § 1997e(a); *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006); *Brown v. Valoff*, 422 F.3d 926, 934-35 (9th Cir. 2005). The prisoner must complete the administrative review process in accordance with the applicable rules. *See Woodford v. Ngo*, 548 U.S. 81, 92 (2006). Exhaustion is required for all suits about prison life, *Porter v. Nussle*, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001).

The defendant bears the initial burden to show that there was an available administrative remedy and that the prisoner did not exhaust it. *Albino v. Baca*, 747 F.3d 1162, 1169, 1172 (9th Cir. 2014); *see Brown*, 422 F.3d at 936-37 (a defendant must demonstrate that applicable relief remained available in the grievance process). Once that showing is made, the burden shifts to the prisoner, who must either demonstrate that he, in fact, exhausted administrative remedies or "come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino*, 747 F.3d at 1172. The ultimate burden, however, rests with the defendant. *Id.* Summary judgment is appropriate if the undisputed evidence, viewed in the light most favorable to the prisoner, shows a failure to exhaust. *Id.* at 1166, 1168; *see* Fed. R. Civ. P. 56(a).

If summary judgment is denied, disputed factual questions relevant to exhaustion should be decided by the judge; a plaintiff is not entitled to a jury trial on the issue of exhaustion. *Albino*, 747 F.3d at 1170-71. But if a court finds that the prisoner exhausted administrative remedies, that administrative remedies were not available, or that the failure to exhaust administrative remedies should be excused, the case proceeds to the merits. *Id.* at 1171.

**B.     Discussion**

Ams previously moved to dismiss Muhammad's claim on the ground that he failed to exhaust administrative remedies (Doc. 67). In her Motion for Judgment on the Pleadings, Ams argued that Muhammad admitted in his amended pleading that he did not exhaust remedies and that his reason for failing to exhaust—that he feared retaliation—was meritless (*id.* at 4). The Court construed Ams's motion as one under Federal Rule of Civil Procedure 12(b)(6) and found that when taking the allegations in Muhammad's Second Amended Complaint as true—specifically, that he feared retaliation if he attempted to grieve his claim against Ams—it could not conclude that he failed to exhaust because it is possible that remedies were rendered unavailable (Doc. 77 at 4). *See Sapp v. Kimbrell*, 623 F.3d 813, 822 (9th Cir. 2010) (exhaustion not required when circumstances render administrative remedies "effectively unavailable"). The Court therefore denied the motion.

Ams raises the same argument for nonexhaustion in her pending Motion for Summary Judgment (Doc. 90). She asserts that in his deposition, Muhammad testified that his fear of retaliation was not based on any specific facts tied to Ams or any other prison official (*id.* at 5-6). According to Ams, Muhammad's generalized fear is insufficient to show that remedies were not available and summary judgment should therefore be granted (*id.* at 6-7).

As set forth above, Ams bears the initial burden to show that there was an available administrative remedy for Muhammad to pursue his complaint. *Albino*, 747 F.3d at 1169, 1172. Nowhere in her motion or separate Statement of Facts does Ams describe the grievance procedure available to Muhammad at the time his claim arose, and the only evidence she proffers is an excerpt from Muhammad's deposition (*see* Docs. 90-91; Doc. 91, Ex. 1). Ams also failed to present any evidence of the available grievance procedure in her prior motion to dismiss on the same ground (*see* Doc. 67).

In *Wyatt v. Terhune*, the Ninth Circuit found that the defendants' documents were insufficient because, although their proffered affidavit described the inmate appeals

process, it failed to present specific information regarding the plaintiff's appeals. 315 F.3d 1108, 1120 (9th Cir. 2003), *overruled on other grounds by Albino*, 747 F.3d 1162. In other words, the defendants' evidence showed only that there was a grievance process. *See id.* Here, Ams fails to make that initial showing. She does not present an affidavit or any evidence of the inmate grievance process available at the prison. *See Brown*, 422 F.3d at 937 (evidence demonstrating available relief in the grievance process includes "official directives that explain the scope of the administrative review process; [and] documentary or testimonial evidence from prison officials who administer the review process . . . ."). As such, there is no evidence that there was a grievance process available, what it was, or whether it addressed situations where inmates feared retaliation at the initial grievance level.

As a result, the Court does not reach the parties' arguments regarding Muhammad's retaliation fears if he attempted to grieve a claim against Ams. Because Ams fails to meet her initial burden to show that there was an available administrative remedy, the request for summary judgment for failure to exhaust will be denied without prejudice.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is withdrawn as to Defendant Ams's Motion for Summary Judgment (Doc. 90).

(2) Defendant Ams's Motion for Summary Judgment (Doc. 90) is **denied** without prejudice.

(3) Within **10 days** from the date of this Order, Defendant Ams may file a new motion for summary judgment limited to the exhaustion issue.

DATED this 23rd day of April, 2015.

Honorable Stephen M. McNamee
Senior United States District Judge