WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Riki Rashaad Muhammad,<br><br>                Plaintiff,<br><br>  vs.<br><br>Arizona Department of Corrections, et al.,<br><br>                Defendants. | No.  CV 11-1890-PHX-SMM (JFM)<br><br>**O R D E R** |

      Before the Court is Plaintiff Riki Rashaad Muhammad's "Complaint to Recover Unpaid Sum," which seeks a judgment against Defendants in the amount of $375 (Doc. 103).

      The Court will deny the Muhammad's request for a judgment against Defendants.

**I.    Background**

      Muhammad brought this pro se civil rights Complaint under 42 U.S.C. § 1983 against multiple Arizona Department of Corrections officials (Doc. 25 at 2, 29). He set forth four counts for relief, three of which related to his status as a Muslim and asserted claims under the First Amendment, the Religious Land Use and Institutionalized Persons Act (RLUIPA), and the Equal Protection Clause, and one that alleged a threat-to-safety claim under the Eighth Amendment (*id.* at 4, 8-20, 29-30). In July 2014, Muhammad and Defendants Charles Ryan, Laura Krause, Mike Linderman, and Jeff Lind filed a Stipulation for Partial Dismissal to dismiss the First Amendment, RLUIPA, and equal-protection claims (Doc. 71). On July 30, 2014, pursuant to the Stipulation, the Court

dismissed those claims and Defendants with prejudice, leaving the threat-to-safety claim against Defendant Barbara Ams as the sole remaining claim (Doc. 76).

On December 31, 2014, Muhammad filed his Complaint stating that Defendants had not yet paid the sum agreed to in the Settlement Agreement, nor had defense counsel responded to Muhammad's inquires about the issue (Doc. 103).  Muhammad therefore requests a judgment be entered against Defendants in the amount they had agreed to pay him—$375.00 (Doc. 103).

In response, Defendants assert that Muhammad provided a copy of the Settlement Agreement in violation of the confidentiality clause therein, that the Court does not have Article III jurisdiction over the dispute, and that the sum due has been placed into transit and should be submitted into Muhammad's account within 7-10 days (Doc. 104).

Muhammad did not file a reply.

## II. Discussion

Where the parties to an action have executed a stipulation for dismissal with prejudice, and the district court then dismisses the action with prejudice, the "dismissal 'terminate[s] the district court's jurisdiction except for the limited purpose of reopening and setting aside the judgment of dismissal within the scope allowed by [Federal Rule of Civil Procedure] 60(b).'"[1]  *Jones v. Bank of Am., N.A.*, CV 09-2129-PHX-JAT, 2011 WL 1119612, at *2 (D. Ariz. March 28, 2011) (quoting *Hinsdale v. Farmers Nat'l Bank & Trust Co.*, 823 F.2d 993, 995-96 (6th Cir. 1987)); *see DHX, Inc. v. Allianz AGF MAT, Ltd.*, 425 F.3d 1169, 1176 (9th Cir. 2005) (a district court has discretion to consider a request for vacatur of a judgment pursuant to Rule 60(b)).  A motion under Rule 60(b) is appropriate if one party seeks to enforce or disputes the terms in a stipulation and notice of dismissal; it is not appropriate where a party simply wishes to unilaterally vacate an order of dismissal.  *See Jones*, 2011 WL 1119612, at *2; *see also Hinsdale*, 823 F.2d at

---

[1] Under Rule 60(b), a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; or (6) any other reason that justifies relief.

996 (parties may seek enforcement of the settlement agreement "only by means of an independent action for specific performance or by means of a Rule 60(b) motion to vacate the prior order of dismissal for the purpose of enforcing the agreement").

Instead of filing a separate action for specific performance or a Rule 60(b) motion to set aside the judgment of dismissal, Muhammad asks the Court to specifically enforce the Settlement Agreement. The Court does not have jurisdiction to enforce the Settlement Agreement without having first vacated the prior Order of dismissal. *See Hinsdale*, 823 F.2d at 996. Even if the Court construed Muhammad's Complaint as a Rule 60(b) motion to set aside the prior Order, he fails to present any reasons that support relief under the Rule. *See* Fed. R. Civ. P. 60(b)(1)-(6).

Regardless, Defendants indicate that the money Muhammad seeks is to be placed into his account (Doc. 104). In failing to file a reply, it appears to the Court that Muhammad request's is moot.

**IT IS ORDERED that** the reference to the Magistrate Judge is withdrawn as to Plaintiff Muhammad's "Complaint to Recover Unpaid Sum," which is docketed as a motion (Doc. 103), and the Complaint/motion is **denied**.

DATED this 19th day of May, 2015.

Honorable Stephen M. McNamee
Senior United States District Judge